UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARODITE INDUSTRIES, INC.,

         Plaintiff,

                CIVIL CASE NO. 02-40114

v.

ASTECHNOLOGIES, INC., and ELEISON,   HONORABLE PAUL V. GADOLA
INC.,                  U.S. DISTRICT COURT

         Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

   Plaintiff Harodite Industries, Inc. brings this patent infringement action against Defendants Astechnologies, Inc. and Eleison, Inc.  Before the Court is Plaintiff's motion for partial summary judgment for infringement filed on January 3, 2005.  For the reasons set forth below, the Court will grant Plaintiff's motion for partial summary judgment.

   **I.**  **Background**

   Plaintiff Harodite Industries, Inc. ("Harodite") is a Massachusetts corporation that produces woven and nonwoven textile products for a variety of uses, including the automotive industry.  In particular, Harodite develops and produces laminates for use in headliners and other interior automotive components.  Defendant Astechnologies, Inc. ("Astechnologies") is a Georgia corporation that develops machinery and technology involving the manufacture of laminates used in automotive interiors.  Defendant Eleison, Inc. ("Eleison") is a Michigan corporation involved in the production of laminates and was first created after the purchase of some of Astechnologies's

assets in 2000.

In January 1999, Harodite began developing a certain type of fiberglass laminate for vehicle headliners. In September 1999, Harodite filed a patent application for this particular fiberglass laminate, called a "Combo Matte" laminate. On September 18, 2001, a patent was issued for the laminate, U.S. Patent No. 6,291,370 ("the '370 patent"). A second patent, U.S. Patent No. 6,436,854 was issued dealing with this same laminate on August 20, 2002 ("the '854 patent"). Harodite began selling fiberglass Combo Matte laminates to Intier Automotive, Inc. ("Intier"), a company that develops and manufactures automotive interiors. Intier purchased the laminates to produce vehicle headliners for the Dodge Ram, Ford Freestar, and Toyota Solara. Harodite sold its laminates to Intier from approximately April 2000 to November 2001. At that time, Intier ended its relationship with Harodite and bought laminates from Defendant Astechnologies beginning approximately in November 2001 until August 2002, and bought laminates from Defendant Eleison beginning approximately in August 2002 until today.

The Combo Matte laminate is a fiberglass reinforced laminate that has four defined components or elements:

1. A specific type of nonwoven scrim, which is a cotton fabric;

2. A non-porous thermoplastic barrier film;

3. Chopped fiber glass; and

4. A thermoplastic adhesive disposed on the barrier film.

The several patent claims set out in the '370 patent and the '854 patent all rest on this description of the four-part Combo Matte laminate, which is defined in greater detail in both patents.

On May 2, 2002, Harodite first filed its Complaint for patent infringement, alleging that the laminate that Defendants began selling Intier is identical to the laminate which is protected by Harodite's patents. Defendants argue that their laminates do not infringe Harodite's patents because their laminates do not satisfy the "non-porous thermoplastic barrier film" element required by Harodite's patents.

**II.     Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced

by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which

the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III. Analysis

A patent infringement analysis "involves two steps in which the court first determines the correct claim scope, and then compares the properly construed claim to the accused method or device to determine whether all of the claim limitations are present either literally or by substantial equivalent." *RF Delaware, Inc. v Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1266 (Fed. Cir. 2003). A literal infringement occurs when the accused product contains each and every feature of limitation listed in one of the patent claims. *See Mannesmann Demag Corp. V. Engineered Metal Products Co.*, 793 F.2d 1279, 1282 (Fed. Cir. 1986). In the alternative, patent infringement also occurs when there is a substantial equivalence. "[T]he substantial equivalent of a thing, in the sense of the patent law, is the same as the thing itself; so that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape." *Warner-Jenkinson Company, Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 35 (1997) (quoting *Machine Co. v. Murphy,* 97 U.S. 120, 125 (1878)). "The determination of equivalence should be applied as an objective inquiry on an element-by-element basis." *Id.* at 40. Moreover, "[a]n analysis of the role played by each element in the context of the specific patent claim will thus inform the inquiry as to whether a substitute element matches the function, way, and result of the claimed element, or whether the substitute element plays a role substantially different from the claimed element." *Id.*

The parties do not dispute that three of the four patent elements are identical. Therefore, the

Court need only consider whether Defendant's laminate satisfies the substantial equivalence for the "non-porous thermoplastic barrier film" element. Defendant asserts that its laminate is different from Plaintiff's because Defendant's barrier film is permeable to gases, such as moisture vapor and oxygen. Defendant argues that Plaintiff's patent claim specifies that its barrier film is non-porous, and that non-porous means that it would not be permeable to gases like water vapor and oxygen. Defendant also argues that Plaintiff has failed to provide evidence of substantial equivalence.

In this case, the Court finds that Defendant's laminate is substantially equivalent to Plaintiff's laminate. Defendant's barrier film performs the same function in precisely the same manner to achieve the same results as Plaintiff's barrier film. The use of Plaintiff's barrier film of the laminate is for its adhesive properties, and to prevent bleed-through. The record indicates that Defendant's barrier film has the same characteristics and acts in the same way as Plaintiff's barrier film. Consequently, the Court finds that two barrier films are substantially equivalent because Defendant's barrier film matches the function, way, and result of Plaintiff's barrier film. The Court thus concludes that there is no genuine issue of material fact, and that Defendant's laminate is substantially equivalent to Plaintiff's laminate. Therefore, as a matter of law, Plaintiff has established patent infringement on the part of Defendant.

### IV. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's motion for partial summary judgment [docket entry 30] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, attorneys, servants, employees, and licensees are permanently enjoined from directly or indirectly infringing

claims 1, 2, 4-14, and 16-23 of U.S. Patent No. 6,291,370 and Claims 1-6 and 8-17 of U.S. Patent No. 6,436,854 during the life of those patents; and Defendants shall provide written notice of this injunctions to its customers.

**IT IS FURTHER ORDERED** that this Court shall retain continuing jurisdiction over this action for the purposes of making any further orders necessary, and to determine the amount of damages, interest, and costs to be awarded to Plaintiff.

**SO ORDERED.**

Dated: March 31, 2006                    s/Paul V. Gadola
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 3, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                         J. Michael Huget                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                  .

                                         s/Ruth A. Brissaud
                                         Ruth A. Brissaud, Case Manager
                                         (810) 341-7845