UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARODITE INDUSTRIES, INC.,

         Plaintiff,

               CIVIL CASE NO. 02-40114

v.

ASTECHNOLOGIES, INC., and ELEISON,    HONORABLE PAUL V. GADOLA
INC.,                  U.S. DISTRICT COURT

         Defendants.
_____/

## **ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL JUDGMENT**

  This case arises under the patent laws of the United States including 35 U.S.C. §§ 281-85. It was commenced by Plaintiff Harodite Industries, Inc. on May 2, 2002 by filing a Complaint seeking relief for patent infringement of U.S. Patent No. 6,291,370 ("the '370 Patent") for laminates containing chopped fiber glass for use in automotive headliners.

  On March 31, 2006, the Court granted Plaintiff's motion for partial summary judgment of infringement and ruled that Plaintiff had established patent infringement as a matter of law. Now before the Court is Plaintiff's motion for final judgment, filed pursuant to Federal Rule of Civil Procedure 55(b)(2). In the motion, Plaintiff requests the Court to grant default judgment against Defendants for patent infringement, permanent injunction, and damages.

  Defendants have not filed a response opposing the motion. Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available." E.D. Mich. Local R. 7.1(b) (emphasis added). A response to Plaintiff's motion was due on approximately May 1, 2007. To this day, no response

has been filed. Thus, Plaintiff's motion is unopposed.

Having reviewed Plaintiff's motion for final judgment, supporting memorandum of law, and the relevant portions of the record, and being otherwise fully advised in the premises, the Court finds that Plaintiff is entitled to final judgment against Defendants. Defendants wilfully committed patent infringement, and Plaintiff is entitled to damages.

In particular, the Court finds as follows:

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338 (a), 2201 and 2202.

2. This Court has personal jurisdiction over the parties. Venue is proper in this district.

3. Plaintiff Harodite Industries, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place business at 66 South Street, Taunton, Massachusetts 02780.

4. Defendant Astechnologies, Inc. is a corporation organized and existing under the laws of the State of Georgia, having a place of business at 7290 Kensington Road, Brighton, Michigan 48116.

5. Defendant Elesion, Inc. is a corporation organized and existing under the laws of the State of Georgia, having a place of business at 7290 Kensington Road, Brighton, Michigan 48116.

6. Both U.S. Patent No. 6,291,370 ("the '370 Patent") and U.S. Patent No. 6,436,854 ("the '854 Patent") are valid.

7. Defendants and their officers, agents, attorneys, servants, and employees are permanently enjoined from directly or indirectly infringing Claims 1, 2, 4-14 and 16-23 of the '370 Patent and Claims 1-6 and 8-17 of the '854 Patent during the life of those patents; and Defendants shall provide written notice of this injunction to its customers.

8. Plaintiff is awarded damages in the amount of $605,867.80 for past infringement of the '370 Patent and the '859 Patent.

9. Defendants' infringement is willful and Plaintiff's award of damages set forth in paragraph above is trebled pursuant to 35 U.S.C. § 284.

10. This is an exceptional case and Plaintiff is awarded its reasonable attorney's fees in an amount to be determined later by the Court.

11. Plaintiff is entitled to prejudgment interest. This prejudgment interest shall be calculated from the date of infringement which is the date on which Defendants shipped their laminates to Intier. Prejudgment interest will be compounded at a monthly rate.

12. Plaintiff shall recover its costs and disbursements in the action to be taxed by the Clerk of the Court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for final judgment [docket entry #45] is **GRANTED**, and judgment shall be granted in Plaintiff's favor.

Plaintiff may file a bill of costs setting out the specific amount of attorney's fees and prejudgment interest to which it is entitled within thirty (30) days of the filing of this order. Defendants may file challenges to the bill of costs within fifteen (15) days of the filing of bill of costs.

**SO ORDERED.**

Dated: February 27, 2008        s/Paul V. Gadola
                                HONORABLE PAUL V. GADOLA
                                UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  February 27, 2008 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                J. Michael Huget                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:               F. Arthur Simmons                          .

                                                      s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845

4